Docusign Envelope ID: B27532D8-E6G9-4950-A870-94EA3533856F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81502-DMM

**NELSON FERNANDEZ**,

      Plaintiff,

vs.

**BIG MAMA'S, LLC, d/b/a ANTHONY'S
CLAM HOUSE AND GRILL, a Florida
limited liability company**,

      Defendant.

_____/

## <u>CONSENT DECREE</u>

This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between Plaintiff NELSON FERNANDEZ ("Plaintiff") and Defendant BIG MAMA'S, LLC, d/b/a ANTHONY'S CLAM HOUSE AND GRILL ("Defendant").  Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

### RECITALS

1.      Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

2.      On November 26, 2024, Plaintiff filed the above-captioned action in the United States District Court for the Southern District of Florida (the "Action").  The Plaintiff alleges that a website owned and/or operated by Defendant, https://www.anthonysclamhouse.com (the desktop

1

and mobile versions of which shall together be referred to herein as the "Website"), is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 as amended ("ADA"), 42 U.S.C. §§ 12181-12189; 28 C.F.R. Part 36, *et seq*.

3.      The Defendant expressly denies that the Website violates any federal, state or local law, including the ADA, any denies any and all other wrongdoing or liability whatsoever.  The entry of this Consent Decree shall not and does not serve as an admission of any liability or wrongdoing.

4.      This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

5.      This Consent Decree is entered into by Plaintiff, individually, but is intended by the Parties to inure to the benefit of individuals who are blind or have other disabilities.

## JURISDICTION

6.      Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff alleges that the Website is a service, privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a).

7.      This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188.  The Parties agree that venue is appropriate for purposes of the Action and this Consent Decree.

## AGREED RESOLUTION

8.      Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation.  Accordingly, the Parties agree to

2

the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby agree to the following:

## DEFINITIONS

9.      Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

10.     Reasonable Efforts means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation.  Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website was a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on their Website-related operations.

## TERM

11.     The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) thirty-six (36) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12.     Pursuant to the terms of this Consent Decree, Defendant:

a.      shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website, and any other website owned or operated by Defendant or any affiliate of Defendant, as set forth herein.   42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

b.      shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website, and any other website owned or operated by Defendant or any affiliate of Defendant,  as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

c.      shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website, and any other website owned or operated by Defendant or any affiliate of Defendant ,  as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13.     Web Accessibility Conformance Timeline: Defendant shall take appropriate steps as determined to be necessary with the goal of ensuring full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), and including all mobile and desktop versions of such Website, and any other website, and webpages therein, owned or operated by Defendant or any affiliate of

Defendant, including all mobile and desktop versions (collectively the "Websites"), according to the following timeline and requirements, provided that the following dates will be extended in the instance that the United States Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

a.      Within twenty-four (24) months from the Effective Date, to the extent not already done, Defendant shall make Reasonable Efforts, if necessary, to modify the Website to the extent needed to achieve substantial conformance with the Web Content Accessibility Guidelines ("WCAG") 2.1 Level A and AA Success Criteria to the extent determined to be applicable in a manner intended to ensure that the Websites are and will continue to be accessible to persons with vision disabilities (the "Modification Period"). If Defendant does not achieve substantial conformance with the applicable WCAG standard despite having sought to use the Reasonable Efforts described in this paragraph, it shall be deemed to have complied with its remediation obligation under this Consent Decree.

b.      The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Websites); and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in its discretion, to cease the remediation efforts described above.

5

Docusign Envelope ID: B27532D8-F669-4950-A870-94EA35338556F

c.      In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof.  If Defendant, in reasonably relying upon any of the foregoing, and despite having sought to use Reasonable Efforts, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Websites.

## PROCEDURES IN THE EVENT OF DISPUTES

14.      The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove.  Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

15.      If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the Party alleging the breach shall give written notice (including reasonable particulars) of such violation to the Party alleged to be in breach pursuant to Section 17 of this Consent Decree. The alleged breaching Party must respond to such written notice of breach no later than thirty (30) calendar days thereafter (the "Cure Period"), unless the Parties agree to extend the time for

6

Docusign Envelope ID: B27532D8-E6G9-4950-A870-94EA35338556F

response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the Parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured. If the Parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the Party alleging a breach of the Consent Decree may seek enforcement of compliance with this Consent Decree from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing Party in any such enforcement action.

16. Defendant shall not be in breach of this Consent Decree unless: (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome, including the desktop and mobile versions of such browsers; and (b) Defendant fails to remedy the issue by seeking to use Reasonable Efforts within a reasonable period of time. For purposes of this paragraph, an "independent accessibility consultant" shall mean a consultant who (a) has experience testifying as an expert on website accessibility in an ADA matter and/or has at least five (5) years of experience consulting businesses on website accessibility in compliance with the ADA; and (b) has not provided consulting services regarding ADA website accessibility to Plaintiff or Defendant within the past twelve (12) months.

17. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:      Pelayo M. Duran, Esq.
LAW OFFICE OF PELAYO DURAN, P.A.
6355 N.W 36th Street, Suite 307
Virginia Gardens, FL 33166
Tel. (305) 266-9780
duranandassociates@gmail.com

and

Roderick V. Hannah, Esq.
4800 N. Hiatus Road
Sunrise, FL 33351
Tel. (954) 362-3800
rhannah@rhannahlaw.com

For DEFENDANT:     Steven A. Wahlbrink, Esq.
Law Offices of Seiler, Sautter, Zaden, Rimes &
Wahlbrink
2850 North Andrews Avenue
Fort Lauderdale, Florida 33311
Tel. (954) 568-7000 Ext. 292
Email: swahlbrink@sszrlaw.com

## ENFORCEMENT AND OTHER PROVISIONS

18.     The interpretation and enforcement of this Consent Decree shall be governed by the ADA, where applicable, and by the laws of the State of Florida, without regard to Florida's conflict of law principles and applicable federal law.

19.     If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

20.     The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with visual disabilities as defined by the ADA,

including, but not limited to those who utilize a screen reader to access the Websites, which persons with disabilities shall constitute intended third-party beneficiaries to this Consent Decree.

21.     The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

22.     This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

**NELSON FERNANDEZ**

Dated: 01/20/2025


**BIG MAMA'S, LLC, d/b/a ANTHONY'S CLAM HOUSE AND GRILL**

Dated: 1/20/2025

By: _Walter Hernandez_
5FBCE32225604F3...

Print: Walter Hernandez

9